IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:20-CR-74-KAC-DCP |
| | ) | |
| JIMMY W. JOINER, | ) | |
| | ) | |
| Defendant, | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on Defendant Jimmy W. Joiner's *pro se* Motion [Doc. 41], filed on September 7, 2021, and purporting to alert the Court to alleged perjured testimony. *See* 28 U.S.C. § 636(b). The last motion deadline in this case expired on April 12, 2021 [*see* Doc. 13]. Following the expiration of that deadline, the undersigned entered a Pretrial Order, stating that "[n]o more motions, except for motions *in limine*, will be allowed to be filed in this cause of action by either side without prior leave of Court" [Doc. 16, p.2]. On July 28, 2021, the undersigned allowed prior counsel to withdraw, permitted Defendant Joiner to represent himself, appointed elbow counsel, and allowed Defendant to file two *pro se* motions to suppress evidence and one *pro se* motion to dismiss the Indictment [Doc. 33].[1] Defendant told the Court that he did not have other motions, aside from these three [Doc. 33, p.5].

The parties appeared for a suppression and evidentiary hearing on Defendant's three motions on August 31, 2021. At the end of that hearing, Defendant stated that he had an additional motion he wished to file. The Court reminded Defendant that the motion deadline has long expired in this case and directed him to file a motion for leave to file any additional pretrial motions, which

---

[1] These *pro se* motions were previously filed by Defendant [Docs. 19, 24, & 27] while he was represented by counsel. At the July 28 hearing, Defendant asked to withdraw the prior filings and replace them with new versions [Docs. 29-31]. The Court granted that request [Doc. 33].

would allow the Government to respond. Disregarding that admonition, Defendant files the instant motion [Doc. 41], alleging that a witness at the August 31 hearing has submitted false sworn statements and perjured testimony on four occasions, including at the August 31 hearing, and asking the United States Attorney's Office to bring charges against the witness. Defendant attaches to the motion portions of three transcripts and a letter he wrote to former United States Attorney Douglas Overbey, dated September 2, 2021.

The Court takes the instant motion to be more in the nature of commentary on the evidence presented at the suppression hearing. Rule 12 recognizes the court's authority to set and extend or reset a deadline for filing pretrial motions. Fed. R. Crim. P. 12(c)(1)-(2). If a party fails to file a pretrial motion timely, the Court may decline to consider the motion, unless the party is able to show "good cause" for the untimely filing. Fed. R. Crim. P. 12(c)(3). "Good cause is a 'flexible standard' requiring an explanation for both the delay *and* the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (emphasis in original). Our appellate court "rejects improvident strategy as a reason to excuse a tardy defensive motion." *United States v. Campos*, No. 5:17-CR-55-DCR-REW, 2018 WL 1406614, *3 (E.D. Ky Feb. 23, 2018) (R. Wier, MJ, Recommended Disposition). "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id.* (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)).

In the instant case, Defendant has failed to state good cause or any reason for his untimely motion. Moreover, to the extent that the motion is actually argument on the testimony given at the August 31 suppression hearing, the Court finds that Defendant raised these arguments in questioning the witness and in his suppression motions. Moreover, although the portions of appended transcripts were not introduced as evidence at the evidentiary hearing, the Court finds

2

that Defendant similarly appended portions of transcripts to his motions. Accordingly, the Court finds that the arguments Defendant seeks to raise in the instant motion are already before the Court.

The Court finds the Defendant's *pro se* Motion [**Doc. 41**], of September 7, 2021, is untimely and largely duplicates arguments previously made in other filings. Accordingly, Defendant's Motion [**Doc. 41**] is **DENIED** as improvidently filed. Defendant Joiner is again **DIRECTED** that he may not file additional pretrial motions[2] in this case without first obtaining leave of Court. To seek leave to file a motion, Defendant must file a motion for leave, explaining why the motion was not filed at the time of his other *pro se* motions, assessing the prejudice from the untimely filing, and attaching a copy of the motion he seeks to file.

In summary the Court **ORDERS** as follows:

(1) Defendant's *pro se* Motion [**Doc. 41**], of September 7, 2021, is **DENIED**;

(2) Defendant Joiner is **DIRECTED** that he may not file additional pretrial motions in this case without first obtaining leave of Court. To seek leave to file a motion, Defendant must file a motion for leave, explaining why the motion was not filed at the time of his other *pro se* motions, addressing the prejudice from the late filing, and attaching a copy of the motion sought; and

(3) The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Defendant Joiner at the Laurel County Correctional Center.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[2] Defendant may file motions *in limine* by November 29, 2021 [Doc. 33]. Motions *in limine* must relate to the presentation or exclusion of evidence at trial or other trial matters.

3

Case 3:20-cr-00074-KAC-DCP   Document 42   Filed 09/09/21   Page 3 of 3   PageID #: 246